UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

STEPHEN GLEN MAGUIRE,

        Petitioner,                Case No. 1:08-cv-180

v.                                   Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Petitioner pleaded no contest to the charge of assault with intent to commit great bodily

harm less than murder, MICH. COMP. LAWS § 750.84.  On May 24, 2006, he was sentenced by the

Montcalm County Circuit Court to a prison term of four years and six months to ten years.  In his

*pro se* petition, Petitioner raises three grounds for relief, as follows:

    I.      THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED
           DEFENDANT[']S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND
           EQUAL PROTECTION OF THE LAW BY REFUSING TO GRANT
           DEFENDANT[']S UNTIMELY REQUEST FOR APPOINTMENT OF
           APPELLATE COUNSEL TO ASSIST IN SEEKING LEAVE TO APPEAL
           FROM HIS PLEA[-]BASED CONVICTION AND SENTENCE.

    II.     THE TRIAL COURT'S DECISION FINDING DEFENDANT[']S MOTION
           FOR RECONSIDERATION FRIVOLOUS AND ASSESSING COST IS
           CLEARLY ERRONEOUS, AND WAS MADE IN RETALIATION FOR
           DEFENDANT EXERCISING HIS CONSTITUTIONAL RIGHT OF
           ACCESS TO THE COURTS.

    III.    THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED
           DEFENDANT'S 14TH AMENDMENT U.S. CONST RIGHT TO DUE

PROCESS OF THE LAW BY FAILING TO PROVIDE DEFENDANT
WITH A COPY OF THE TRIAL COURT FILE, INCLUDING A COPY OF
HIS PLEA AND SENTENCING.

(Pet. at 7-10, docket #1.)

Respondent has filed an answer to the petition (docket #7) stating that Petitioner's claims should be denied because they are noncognizable or are without merit. Upon review and applying the AEDPA standards, I find that Petitioner's claims are either noncognizable or are without merit. Accordingly, I recommend that the petition be denied.

**Proposed Findings of Fact**

The state prosecution arose from an altercation on May 21, 2005, during which Petitioner struck Claude Pangborn with either the blunt side of a single-bladed axe or the axe handle. Petitioner then brandished the axe, threatening to strike Gerald Parsons. Petitioner was charged as a third-felony offender with assault with intent to do great bodily harm less than murder, felonious assault, and illegal entry. In a separate Montcalm-County case arising out of other facts, Petitioner was charged with two counts of criminal sexual conduct. Petitioner was on parole at the time he committed all of the offenses. Both cases were bound over to the circuit court following preliminary examination. The preliminary examination for the assault offenses occurred on August 9, 2005. (Prelim. Exam. Tr., docket #10.)

On November 14, 2005, Petitioner pleaded no contest to one count of assault with intent to do great bodily harm less than murder, for his assault on Claude Pangborn. (Cir. Ct. Docket Sheet, docket #9.) Under the plea agreement, all other charges in both cases and the habitual-offender enhancement would be dismissed at sentencing. (Tr. of Various Proceedings, docket #11 at 106.)

Following two adjournments, Petitioner was sentenced on May 24, 2006, to a prison term of four years and six months to ten years. At the end of the sentencing hearing, the court advised Petitioner of his right to appeal and, if he was indigent, his right to a court-appointed attorney on appeal. The court expressly explained that any request for a court-appointed attorney must be made within 42 days. (Tr. of Various Proceedings, docket #11 at 103-04.) Petitioner's counsel acknowledged on the record that Petitioner had received the appeal documents. (*Id.* at 104.) Moreover, on the date of sentencing, Petitioner signed the "Notice of Right to Appellate Review and Request for Appointment of Attorney," which advised him of the requirement that he must request an appellate attorney within 42 days of the sentencing. (*See* Notice, docket #15.) On August 15, 2006, Petitioner filed a request for court-appointed appellate counsel. The trial court denied the motion on August 17, 2006, because Petitioner's request was not filed within the requisite 42 days of sentencing. (8/17/05 Cir. Ct. Ord., docket #16.) Petitioner sought reconsideration, which was denied by the court on September 1, 2006. In the order denying reconsideration, the court assessed $100.00 in court costs against Petitioner for filing a frivolous motion. (9/1/06 Cir. Ct. Ord., docket #17.)

On November 20, 2006, Petitioner filed a motion requesting copies of various documents necessary to his appeal, including transcripts from the preliminary examination, the plea, the two adjourned sentencing hearings held March 2, 2006 and April 10, 2006, and the sentencing transcript from May 24, 2006. (Pet'r's Request for Record on Appeal, docket #18.) Petitioner sent a letter to the court administrator, dated December 11, 2006, in which he inquired about the status of his request for transcripts and other documents. (Pet'r's Letter, docket #19.) On January 18, 2007, the circuit court entered an order granting Petitioner's request for all items in the court's

record, including the preliminary examination transcript, and ordering the preparation of the other transcripts that were to be forwarded to Petitioner when complete. (1/18/07 Cir. Ct. Ord., docket #21.) The order was forwarded to Petitioner under cover of a letter from the Montcalm County Clerk's Office itemizing the documents being forwarded to Petitioner and indicating that the other transcripts would be forwarded once they had been prepared. (1/18/07 Cir. Ct. Letter, docket #20.)

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on January 26, 2007.[1] Petitioner raised the same grounds presented in his habeas application. The court of appeals denied leave to appeal on April 23, 2007, for lack of merit in the grounds presented. (4/23/07 Mich. Ct. App. Ord., docket #12.) Petitioner sought leave to appeal to the Michigan Supreme Court. On October 31, 2007, the supreme court reversed the trial court's assessment of $100.00 in court costs, but denied leave to appeal in all other respects. (10/31/07 Mich. Ord., docket #13.) Petitioner filed the instant habeas petition on February 19, 2008.

### Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits

---

[1]This information was taken from the electronic docket maintained by the Michigan Court of Appeals, http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=275836&inqtype=public&yr=0&yr=0.

in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

In his *pro se* application for habeas relief, Petitioner raises three grounds for relief: (1) the trial court violated his Fourteenth Amendment rights to due process and equal protection when it denied his request for appointment of appellate counsel; (2) the trial court violated his right of access to the courts when it fined him $100.00 for seeking reconsideration of the denial of counsel; and (3) the trial court deprived him of due process by denying his request for a copy of his plea and sentencing transcripts for pursuit of his appeal.

In his first ground for relief, Petitioner contends that he was denied appellate counsel, in violation of the Fourteenth Amendment. In support of his claim, Petitioner relies upon *Halbert v. Michigan*, 545 U.S. 605, 617 (2005). The *Halbert* Court addressed a 1994 Michigan constitutional amendment and implementing statute, which provided that the appointment of appellate attorneys for indigent defendants who pleaded guilty or nolo contendere was only by leave of court, rather than by right. *Id.* at 609 (citing MICH. CONST. of 1963, art. 1, § 20, and MICH. COMP. LAWS § 770.3a). The Supreme Court found the state practice unconstitutional, concluding that the Due Process and Equal Protection Clauses require appointment of counsel for indigent defendants convicted on pleas of guilty or nolo contendere who seek access to first-tier review in the Michigan Court of Appeals, even though such review is discretionary under state law. *Id.* at 617. Michigan Court Rule 6.425(G)(1)(c) was adopted in 2005 to conform to the ruling in *Halbert*. *See* MICH. CT.

R. 6.425 advisory committee's note. The revised rule, which was in place when Petitioner was convicted in 2006, requires the trial court to appoint an attorney to an indigent defendant convicted following a plea of guilty or nolo contendere, if the request is made within 42 days after sentencing. *Id.* Petitioner filed his request for counsel on August 15, 2006, 83 days after sentencing. He acknowledges that his request was untimely under the rule.

Petitioner argues, that, under *Halbert*, the trial court was without discretion to deny his request for counsel. Petitioner's claim is without merit. Here, unlike in *Halbert*, Petitioner was not denied appellate counsel on the ground that the appointment of counsel was discretionary for defendants who had entered a plea of guilty or nolo contendere. Instead, Petitioner's request for counsel was denied because he failed to comply with the 42-day time limit for making such requests set forth in Michigan Court Rule 6.425(G)(1)(c). (*See* 8/17/05 Cir. Ct. Ord., docket #16.) The *Halbert* decision does not suggest that procedural limits on the exercise of constitutional rights are unenforceable. *See Rodgers v. Prelesnik*, No. 1:07-cv-726, 2010 WL 3475841, at \*6 (W.D. Mich. Aug. 4, 2010) (citing *People v. Beard*, No. 283143, 2009 WL 454970, at \*1 (Mich. Ct. App. Feb. 24, 2009)). No case law, much less Supreme Court case law, suggests that such a procedural rule is unconstitutional. Accordingly, the state court decisions denying Petitioner's request for counsel were neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

In his second habeas ground, Petitioner contends that the trial court improperly penalized his exercise of his right to access the courts when it assessed him costs of $100.00 for filing his motion for reconsideration. A writ of habeas corpus is not available to challenge a fine. *United States v. Mays*, 67 F. App'x 868, 869 (6th Cir. 2003); *United States v. Watroba*, 56 F.3d 28,

29 (6th Cir. 1995). Instead, "[t]he essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints on their liberty." *Mays*, 67 F. App'x at 869 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Because Petitioner's second ground for relief does not seek relief from unconstitutional confinement, Petitioner's challenge to the trial court's fine is not cognizable on habeas review. Moreover, even if Petitioner were able to challenge a fine in this proceeding, he is no longer subject to the trial court's fine. The Michigan Supreme Court reversed the trial court's imposition of the fine. The question is moot.

In his final ground for habeas relief, Petitioner contends that the trial court improperly denied his request for certain trial-court materials, including the plea and sentencing transcripts. The record clearly discloses that the trial court did not deny Petitioner's request for documents. Instead, the court ordered that Petitioner be sent copies of all of the requested documents that were available in the court record. (*See* 1/18/07 Cir. Ct. Ord., docket #21.) In addition, the court ordered the preparation of those transcripts requested by Petitioner that were not yet transcribed. The Montcalm County Clerk mailed a copy of the order under cover of a letter detailing the documents that were being forwarded with Petitioner's copy of the trial court's order and indicating that the remaining transcripts would be forwarded once they had been transcribed. (*See* 1/18/07 Cir. Ct. Letter, docket #20.) Petitioner at no time suggests that the remaining transcripts were not later forwarded to him. Indeed, in his application for leave to appeal to the Michigan Supreme Court, Petitioner acknowledged that his third issue had been resolved by the lower courts and that he had received the lower court record. As a consequence, Petitioner's third ground for relief is both frivolous and moot.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied on

its merits.


Dated:  February 22, 2011                             /s/  Joseph G. Scoville
                                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).